CANADY, Judge.
Jose Lucio Chacon appeals the denial of his motion filed pursuant to Florida Rule of Criminal Procedure 3.850. The post-conviction court summarily denied four of the five grounds for- relief set forth in Chacon’s motion. We affirm the denial with respect to those four grounds without further comment. The trial court denied the fifth ground — which was based on a claim of newly discovered evidence — after counsel for Chacon informed the court at a status hearing that there was no “viable witness” to support the claim of newly discovered evidence. Because we conclude that Chacon’s counsel effectively abandoned the claim, we affirm the denial of the claim of newly discovered evidence.
Chacon’s claim of newly discovered evidence related to exculpatory statements contained in a letter bearing the signature of “Glenda W.” The court ordered the State to show cause why Chacon was not entitled to relief on his claim of newly discovered evidence, and the State re *533 sponded that it could not show cause why Chacon was not entitled to an evidentiary hearing. The court then entered an order granting an evidentiary hearing and appointing counsel for Chacon.
At the status hearing — with Chacon present — counsel for Chacon recounted his efforts to investigate the factual basis for the claim of newly discovered evidence and informed the court that there was no “viable witness for Mr. Chacon” because the person believed to be the author of the exculpatory letter had denied writing the letter and had expressed her disagreement with the exculpatory statements in the letter. Counsel further explained to the court that he had advised Chacon that it would be advisable “to withdraw his claim involving this letter.”
The court then asked Chacon whether he understood what counsel had discussed with the court. Chacon responded, “Yes, I understand.” The court observed that “[i]t seems like it would be useless to have a full-blown hearing on this.” Chacon asked, “So how am I going to be able to prove my innocence if that is the only way.” He then launched into a discussion of the proceedings at his trial and a letter from the mother of the victim — not the letter at issue in his claim of newly discovered evidence.
At no point in the status hearing did Chacon in any fashion express his disagreement with his lawyer’s characterization of the evidence related to the claim of newly discovered evidence. Chacon did not inform the court that any witness was available to support his claim. Nor did he request that additional time be afforded to locate a witness to support the claim.
Although in this appeal Chacon has suggested that his lawyer had not correctly identified the author of the letter, Chacon made no such assertion at the status conference. Chacon certainly made clear that he had a continuing desire to prove his innocence, but he acquiesced in his counsel’s concession that no testimonial support was available for the newly discovered evidence claim. Furthermore, Chacon did not express any dissatisfaction with counsel, much less express a desire to discharge counsel and obtain new counsel or proceed pro se.
Given all these circumstances, the only reasonable conclusion is that Chacon abandoned the claim of newly discovered evidence because of the lack of evidence to support the claim. See Vining v. State, 827 So.2d 201, 214 (Fla.2002) (holding that claim was abandoned by postconviction counsel who acknowledged that she was unable to plead the “factual predicate” necessary to prove claim). As the postcon-viction court recognized, it would be an exercise in futility — and a waste of judicial resources — to conduct an evidentiary hearing on the claim of newly discovered evidence after counsel’s unequivocal concession that there was no evidence to support the claim. We therefore affirm the denial of Chacon’s newly discovered evidence claim.
Affirmed.
ALTENBERND, J., Concurs.
SALCINES, J., Dissents with opinion.